**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-10962
Summary Calendar

VANESSA CLEMONS

Plaintiff-Appellant,

VERSUS

TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES, ET AL

Defendants,

TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas

(4:94-CV-695-E)

January 23, 1997

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Clemons appeals the summary judgment dismissal of her claim

against her employer, Texas Department of Protective and Regulatory

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Services, that her dismissal was racially motivated.[2]  She brought her claims under Title VII and 42 U.S.C. § 1983.  The district court ruled that Appellant had not created an issue of fact that her dismissal was race related.  Our review of the briefs and record convince us that the district court did not err.

Even though we view the evidence and its reasonable inferences in the light most favorable to Appellant, she has created no issue of fact as to her prima facie case.  Her dismissal was based on an alleged violation of work rules.  Appellant admits that she did violate the rules and produces no evidence sufficient to create a fact issue that white employees who violated work rules were treated differently than she.

As an alternative to creating a prima facie case as to the termination itself, Appellant argues that prior disciplinary actions against her were the result of discriminatory action and intent by her prior supervisor.  That supervisor, however, had no voice in Appellant's termination so this would normally be irrelevant.  However those prior actions were considered in the termination so their motivation could be germane.  While Appellant argues that in these prior incidents she was treated differently than whites, she offers no credible and probative evidence of this.

AFFIRMED.

---

[2]She appealed her dismissal through administrative procedures with her employer which resulted in her reinstatement without loss of pay or seniority.